(Pleito No. 29.—Fallado el 2 de Mayo de 1900.)

## Fermoso contra Solivellas.

Recurso contra sentencia dictada por el Tribunal de Distrito de San Juan.

Venta en fraude de acreedores. Cuando existen bienes que han sido vendidos por una persona, quien al tiempo de venta estaba en deuda con otra que no era el comprador, el acreedor que alegue la nulidad de la venta y que solicite del deudor el importe de dicha deuda hasta donde llegue el valor de los bienes,, deberá probar que el contrato fué sin causa ó con causa ilícita y con la intención de que los acreedores no hicieran efectivos sus créditos. En este caso es aplicable la máxima "Actore non probante reus est absolvendus."

### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á dos de Marzo de mil novecientos, en el pleito seguido en el suprimido Juzgado de 1ª Instancia de Ponce y en el Tribunal de Distrito de San Juan por Solivellas y Cª, del comercio de Yauco, con Don César Fermoso y Puga, propietario y Don Antonio Pacheco y Rodríguez, agricultor, vecinos de Yauco, sobre simulación de un contrato de compra-venta por los dos últimos otorgado, y pago por el comprador de lo que al demandante le adeuda el vendedor; pendiente en este Tribunal Supremo en recurso de casación por infracción de ley interpuesto por el Letrado Don Herminio Díaz Navarro en defensa y representación de Fermoso y de Pacheco: defen-

diendo y representando á Solivellas y Cª el Letrado Don
Antonio Alvarez. Nava.—Resultando: Que por escritura
pública número 132 de veinte y ocho de Diciembre de mil
ochocientos noventa y ocho, Don César Fermoso y Puga
vendió á Don Antonio Pacheco y Rodríguez las siguientes
fincas: veinte y ocho cuerdas de terreno en el barrio de Die-
go Hernández, de Yauco, bajo los puntos y linderos que la
escritura expresa, y dos cuerdas más ó menos en el citado
barrio y término municipal, detallándose también las colin-
dancias, todo por dos mil pesos oro que el vendedor confiesa
recibidos á su satisfacción con anterioridad: aclarándose por
la otra escritura número 134 de veinte y nueve de dicho mes
y año, el error en la cabida de la primera finca, por constar
sólo de veinte y siete y media cuerdas con los mismos linde-
ros, habiéndose inscrito en el Registro de la Propiedad de
San Germán en treinta de Diciembre de mil ochocientos no-
venta y ocho, ambas escrituras.—Resultando: Que en quin-
ce de Marzo de mil ochocientos noventa y nueve celebró
Solivellas y Cª con Don César Fermoso acto de conciliación,
sin avenencia, para que le pagara la suma de mil doscientos
treinta y tres pesos ochenta y cuatro centavos que le adeu-
daba de cuenta vencida y reconocida en treinta y uno de
Diciembre de mil ochocientos noventa y ocho con más los
intereses y costas; y en veinte y siete del referido mes y año
otra conciliación, sin avenencia, con el mencionado Fermoso
y Don Antonio Pacheco y Rodríguez, para que se avinieran
á dejar sin valor ni efecto alguno la escritura de compra-
venta indicada en el anterior resultando, al objeto de dejar
expedita su acción al cobro de la cantidad, intereses y costas
que el primer demandado le adeuda, contestando Fermoso
no puede acceder á lo que se le exige porque no puede per-
judicar á su comprador y que en lugar de bienes raíces pre-
senta los pagarés que exhibe al Juzgado, y se detallan,
formando un total de mil quinientos veinte y dos pesos
ochenta y cuatro centavos y el otro demandado que no pue-
de avenirse porque acreedor de Fermoso para cobrar su cré-

dito vencido convino la compra, llenando todos los requisitos legales.—Resultando: Que acompañando Solivellas y Cª la copia certificada del primer acto de conciliación con Fermoso celebrado, y una cuenta corriente de fecha tres de Abril de mil ochocientos noventa y nueve cuya última partida de cargo es de veinte de Julio de mil ochocientos noventa y ocho y la de intereses que carga de veinte y cuatro de Diciembre de ese año, solicitó del Juzgado de 1ª Instancia en cinco de Abril de mil ochocientos noventa y nueve embargo preventivo contra los bienes de su deudor por cuenta y riesgo del solicitante, á lo que se accedió en seis de dicho mes requiriéndosele el siguiente día y manifestando carecía de metálico y que se sujetaba en un todo á lo manifestado en la conciliación que con su acreedor celebró, trabándose embargo á instancia del acreedor en la finca enajenada á Pacheco por no aceptar los pagarés que Fermoso presentó para la traba ascendentes á la cantidad expresada en el anterior resultando y haciéndose saber según diligencia del siete á Pacheco el embargo de las fincas.—Resultando: Que en veinte y dos de Abril de mil ochocientos noventa y nueve Solivellas y Cª dedujo la demanda origen de este pleito, en la que ejercitando la acción correspondiente solicitó se declarase simulado el contrato de compra-venta realizado en las escrituras otorgadas bajo los números y fechas del primer resultando, condenando á Fermoso á pagar la suma de mil doscientos treinta y tres pesos ochenta y cuatro centavos, los intereses y costas de los bienes transferidos por las escrituras, hasta donde alcance el valor de ellos.—Resultando: Que en apoyo de esas pretensiones alegó además de los hechos relacionados en los resultandos anteriores: que Fermoso le adeudaba la cantidad reclamada, vencida en veinte y cuatro de Diciembre de mil ochocientos noventa y ocho, cuyo saldo fué por el deudor reconocido en el acto de conciliación; que al vender Fermoso á Pacheco, no se depositó en efectivo en ninguna parte el importe de la deuda que reclama; que demandó en conciliación para anular esas ventas y tener

expedita su acción; y que la deuda tiene un interés de un doce por ciento; siendo los fundamentos legales los artículos 1,091, 1,111 del Código Civil, los 316 y 339 del Código de Comercio, los números 2 y 3 de la Orden Judicial dictada por la Secretaría de Justicia de veinte de Marzo de mil ochocientos noventa y nueve, los artículos 679 y 713 de la Ley de Enjuiciamiento Civil y que el litigante temerario debe ser condenado en costas.—Resultando: Que solicitada la anotación preventiva de la demanda se acordó, llevándose á efecto en quince de Junio de mil ochocientos noventa y nueve, y que Don Antonio Pacheco contestó la demanda pidiendo se le absolviera y se levantara el embargo trabado en la finca con las costas, alegando, que Fermoso le debía una cantidad y no teniendo metálico en los momentos, le propuso la venta de los dos trozos de terreno que aceptó, expresando el precio y forma de recibo por el vendedor, según la escritura: que en treinta y uno de Diciembre de mil ochocientos noventa y ocho Fermoso reconoció deber á Solivellas y Compañía la suma que reclama confesándolo en el acto de conciliación y prevalido de ella instó y obtuvo el demandante embargo preventivo de los bienes del deudor; trabándose en las fincas á Pacheco vendidas á pesar de haber presentado el deudor varios documentos por valor de mil cuatrocientos setenta y seis pesos, alegando como fundamentos legales los artículos 1,111, 1,291, 1,297, 1,445 y 1,450 del Código Civil y el número 3º de la Orden Judicial de veinte de Marzo de mil ochocientos noventa y nueve.—Resultando: Que Fermoso se allanó á la demanda sólo en cuanto al pago de la deuda, haciendo constar que venció en treinta y uno de Diciembre de mil ochocientos noventa y ocho y no antes; que por la no conformidad en los hechos fué abierto el juicio á pruebas y no habiéndose propuesto ninguna por las partes como así aparece de autos y lo sienta la sentencia recurrida, se señaló para la comparecencia el veinte y uno de Junio, alegando la demandante que concurrió lo que estimó conveniente.—Resultando: Que el Juez de 1ª Instancia dictó

sentencia declarando con lugar la demanda, simulado el contrato de compra-venta de las dos fincas rústicas, otorgado por Don César Fermoso y Puga y Don Antonio Pacheco Rodríguez en veinte y ocho de Diciembre de mil ochocientos noventa y ocho bajo el número 132 ante el Notario de Yauco Don Manuel Solís, condenando solidariamente al pago de la cantidad reclamada, intereses vencidos y que venzan, al seis por ciento anual, á los demandados: á Pacheco hasta donde alcance el valor de los bienes de que se trata, sin especial condena de costas y el Tribunal de Distrito de San Juan en sentencia de treinta de Octubre pasado, la confirmó con las costas de segunda instancia al apelante.—Resultando: Que Don César Fermoso y Don Antonio Pacheco interpusieron recurso de casación por infracción de Ley y doctrina legal comprendido en el número 1? del artículo 1,690 de la Ley de Enjuiciamiento Civil, fundado en los siguientes motivos:—1? El principio jurídico *actore non probante, reus est absolvendus*, las sentencias del Supremo entre otras de veinte y uno de Enero de mil ochocientos sesenta y siete y veinte y uno de Diciembre de mil ochocientos noventa y dos, por no haber probado el demandante que los pagarés ofrecidos por Fermoso no eran bastantes á cubrir su crédito, ya rematándolos, ya que eran incobrables por insolvencia.—2? El artículo 2? de la Orden General de seis de Marzo último, aclarada por la del veinte del mismo mes, por no haber justificado no eran los pagarés bastantes para cubrir la deuda, no ha podido aplicarse al caso de autos. —3? El caso 3? artículo 1,291 del Código Civil, por haber decretado la rescisión del contrato estimándolo en fraude de un acreedor sin haber probado que al deudor no le quedaban bienes con que hacer efectivo el crédito.—4? El inciso décimo del artículo 1,445 de la Ley de Enjuiciamiento Civil, al declarar que los pagarés no se reputan bienes.—Resultando: Que tramitado el recurso y señalado día para la vista, comparecieron las partes sosteniendo sus respectivas pretensiones. Siendo Ponente el Juez Asociado Don Juan

Morera Martínez.—Considerando: Que si bien la Orden Judicial de veinte de Marzo de mil ochocientos noventa y nueve, declara en su artículo segundo, se estimarán, en su caso, comprendidos en el artículo anterior (en el 1º) los contratos sobre trasmisión de bienes otorgados por persona que al hacerlo tenían ó tengan contraídos débitos no hipotecarios ú otorgados compromisos de garantizar deudas de otras, si verificados aquellos contratos no da fe el Notario en la escritura de haberse entregado el precio á su presencia ó no depositaron en efectivo en un establecimiento bancario ó en otro cualquiera á satisfacción de sus acreedores, el importe total de aquellas obligaciones ó no retuvieren en su poder bienes bastantes con que cubrirlos; esa referencia al artículo primero envuelve un enlace con éste, como lo tiene igualmente con el tercero al decir: "en los casos á que se refieren los artículos precedentes los acreedores una vez que hayan aprobado la simulación podrán dirigir su acción contra su deudor y contra el que posea á título de dueño," y por tanto para interpretar y aplicar el artículo 2º es forzoso tener en cuenta el enlace con los otros dos citados.—Considerando: Que el artículo 1º de referencia exige que el contrato sea sin causa ó con causa ilícita según las leyes y con la intención de que los acreedores no puedan hacer efectivos sus créditos en dichos bienes para que puedan reputarse simulados, lo que corrobora el tercero, al sentar que una vez que hayan probado la simulación podrán, para cobrar ó para exigir que se le garanticen sus créditos, dirigir su acción contra su deudor y contra el que posea á título de dueño los bienes de aquél, siendo en aquellos casos ese poseedor responsable de lo adeudado hasta donde alcance el valor de dichos bienes.—Considerando: Que la simulación y el fraude no se presumen, más que en los casos que la Ley determina, como sucede en el artículo 1,111 del Código Civil por el demandante citado en su demanda y en los 1,292 y 1,297 de dicho cuerpo legal, demostrándolo la Orden Judicial, en cuya aplicación se funda Solivellas, puesto que para obtener la única declara-

ción que en su demanda solicita contra el comprador Pacheco, prescribe la prueba de la simulación y en no retener el deudor bienes bastantes con que cubrirlos; y según la sentencia recurrida en su 9º resultando no se promovió ninguna por las partes, no pudiendo por ello practicarse.—Considerando; Que la sentencia en los extremos en que ha sido recurrida, infringe el principio *actore non probante reus est absolvendus* y la Orden judicial de veinte de Marzo de mil ochocientos noventa y nueve, en su artículo 2º concordante con los primero y tercero.—Fallamos: Que debemos declarar y declaramos haber lugar al recurso de casación por infracción de Ley interpuesto por Don César Fermoso y Puga y Don Antonio Pacheco y Rodríguez, y en su consecuencia casamos y anulamos la sentencia que en treinta de Octubre último, dictó el Tribunal de Distrito de San Juan en cuanto declara simulado el contrato de compra-venta que en esta sentencia se menciona y condena al pago á Pacheco de la cantidad que Fermoso adeuda á Solivellas y Cª, que son los extremos objeto del recurso, sin especial condena de costas. Comuníquese esta sentencia y la que á continuación se dicta, al Tribunal de Distrito de San Juan con devolución de los autos y rollo, á los efectos procedentes.—Así por esta nuestra sentencia que se publicará en la *Gaceta Oficial* lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras. —Juan Morera Martínez.—Luis de Ealo y Domínguez.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don Juan Morera Martínez, Ponente en este recurso, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico, á dos de Marzo de mil novecientos.—E. de J. López Gaztambide.